IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


MARY LOU MIKULA,

               Plaintiff,                             06cv1630

                                           **ELECTRONICALLY FILED**

   v.

ALLEGHENY COUNTY OF
PENNSYLVANIA,

               Defendant.


## Memorandum Opinion


      This is an action for employment discrimination.  Plaintiff, Mary Lou Mikula ("Mikula")

alleges that defendant, Allegheny County of Pennsylvania discriminated against her on the basis

of gender in failing to give her a pay raise in violation of Title VII of the Civil Rights Act of 1964

("Title VII"), and that she was paid less than a male employee for substantially equal work in

violation of the Equal Pay Act ("EPA").  Pending before this Court is defendant's motion for

summary judgment (doc. no. 28).  After careful consideration, and for the reasons that follow,

this Court will GRANT defendant's motion for summary judgment.

**A.**      **Facts**

      The facts may be fairly summarized as follows.  Plaintiff, who is an attorney, was hired as

the Grants Coordinator for Allegheny County Police Department on March 19, 2001 at a rate of

pay of $2,958.33 per month ($35,500 per year).  The salary range for the Grants Coordinator

position was $34,000 to $37,000 per year and the job announcement for this position was posted

on the Allegheny County website and in the Pittsburgh Post-Gazette.  Plaintiff received a salary

increase effective December 2, 2001 to $3,175.83 per month for a total salary of $38,110 per year, and again on July 13, 2003, plaintiff's salary was increased to $3,271 per month for a total of $39,252 per year.

Ed Przybyla was hired by Allegheny County as a sergeant at the Allegheny County Jail on February 10, 1986.  Effective August 28, 1989, Przybyla was selected to fill the position of Fiscal Manager in the Allegheny Police Department and his rate of pay was $2,635 per month for a total of $31,620 per year.  The maximum salary rate for the position of Fiscal Manager was set by the Salary Board at $2,692 per month ($32,307 per year).  Effective February 24, 2002, Pryzbyla's salary was increased to $3,750 per month ($45,000 per year).  According to defendant, Przybyla's salary was increased at that time because his responsibilities were increased to include fiscal responsibilities beyond that of the police department.  Like plaintiff, on July 13, 2003, Przybyla received a three (3%) increase and his monthly salary was $3,862.50 ($46,350 per year). Both plaintiff and Pryzbyla received another three percent (3%) increase effective March 5, 2006. This last increase brought plaintiff's salary up to $3,369 per month ($40,428 per year) and Przybyla's to $3978 per month ($47,736 per year).

Przybyla, as the Fiscal Manager of the Allegheny County Police, is responsible for the formulation and management of the operating budget, and he also collaborates with the Budget Office in preparing a projection of budget needs for the next fiscal year.

The reported operating budget for the police department of which Przybyla had responsibility was as follows:

    2001 - $18,834,010
    2002 - $19,934,010
    2003 - $20,189,500

2004 - $21,061,670
2005 - $21,139,465
2006 - $23,048,912
2007 - $24,319,424 (projected)

The Allegheny County budget shows that the grant amounts published at the beginning of the year for the Police Department, over which plaintiff had responsibility, were as follows:

2001 - $1,246,071
2002 - $1,192,714
2003 - $2,592,837
2004 - $1,485,006
2005 - $1,465,459
2006 - $1,849,154
2007 - $3,298,859 (projected)

However, as plaintiff contends and defendant does not dispute, these figures, which appear in the official budget and are published by plaintiff, do not reflect any additional grants that are received during the ensuing 12 months of that same year. For example, according to plaintiff, after the 2006 Grant Budget was published, an additional $642,379 in police grants came in during calendar year 2006.

On February 11, 2004, plaintiff generally described her duties as Grant Coordinator to Superintendent Moffatt in a letter she drafted and delivered to him. Her duties are also listed in the Grant Coordinator job description, although plaintiff contends that the description does not provide an accurate description of all her job duties.

On September 10, 2004, plaintiff requested a salary increase equal to or greater than that of Fiscal Manager.

On March 14, 2006, plaintiff filed a written complaint with the Allegheny County Department of Human Resources. According to plaintiff's complaint, she was aware of the pay

disparity on September 10, 2004.

On April 16, 2007, plaintiff filed charges with the EEOC alleging a Title VII disparate pay claim.[1]

**B.      Standard of Review**

Summary judgment under Fed.R.Civ.P. 56(c) is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Woodside v. School Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001), *quoting Foehl v. United States*, 238 F.3d 474, 477 (3d Cir.2001) (citations omitted).  In deciding a summary judgment motion, the court must "view the evidence ... through the prism of the substantive evidentiary burden" to determine "whether a jury could reasonably find either that the plaintiff proved his case by the quality and quantity of the evidence required by the governing law or that he did not." *Anderson v. Consolidated Rail Corp.*, 297 F.3d 242, 247 (3d Cir. 2002), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' -- that is, pointing out to the District Court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  If the moving party has carried this burden, the burden shifts to the non-

---

[1]In a departure from this Court's practices and procedures, plaintiff has submitted her own statement of undisputed facts (doc. no. 40), to which defendant has not responded.  The Court will not reiterate the facts contained therein because many of these facts are either encompassed within the JOINT statement of material facts filed by defendant (doc. no. 39) or are not material to the issues before the Court.

4

moving party who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224, 1230 (3d Cir. 1993). Thus the non-moving party cannot rest on the pleadings, but instead must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial," Fed.R.Civ.P. 56(e), and cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (*citing Celotex*, 477 U.S. at 325 (1986)). The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial." *Simpson v. Kay Jewelers, Div. Of Sterling, Inc.*, 142 F. 3d 639, 643 n. 3 (3d Cir. 1998), *quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n. 1 (3d Cir. 1994).

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)." *Marino v. Industrial Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004.) *See also Doe v. County of Centre, PA*, 242 F.3d 437, 446 (3d Cir. 2001) (court must view facts in the light most favorable, draw all reasonable inferences, and resolve all doubts, in favor of the nonmoving party ).

**C.     Discussion**

In its motion for summary judgment, defendant argues that: (1) plaintiff's Title VII claim must be dismissed for untimely filing under the recent landmark decision of *Ledbetter v.*

*Goodyear Tire & Rubber Co.*, 125 S. Ct. 2162 (U.S. 2007); (2) plaintiff's EPA claim is untimely as this action was filed more than two (2) years after the accrual of the cause of action; and (3) no reasonable jury could find that plaintiff and Przyvyla performed substantially equal work.

**(1) Plaintiff's Title VII claim was not timely filed**

An individual filing a Title VII claim must first file an administrative charge with the EEOC within 300 days after the allegedly unlawful practice occurred.  42 U.S.C. § 2000e-5(e)(1).  Defendant argues that because plaintiff filed charges with the EEOC on April 16, 2007, any alleged discrimination that occurred prior to June 20, 2006 is time barred.

In *Ledbetter*, the United States Supreme Court recently held that Title VII pay discrimination claims can not be based on pay decisions that occurred outside of the charging period.  The EEOC filing deadline "'protects employers from the burden of defending claims arising from employment decisions that are long past.'" 125 S.Ct. 2162, 2170 (quoting *Delaware State College v. Ricks,* 444 U.S. 250, 256-57 (1980)).

Here, plaintiff admitted that she was aware of the alleged pay discrepancy by September 10, 2004, yet she did not file an EEOC charge until April 2007.   (Doc. No. 30 at 111).  Although plaintiff now argues that her August 23, 2006 denial of her pay raise was a discrete discriminatory act that occurred within the statutory period, this Court does not agree.  Rather, the Court finds that the statute of limitations began to run on September 10, 2004, the date on which plaintiff "discovered" her "injury,"[2] because to find otherwise would mean that each time

---

[2]  "Typically in a federal question case, and in the absence of any contrary directive from Congress, courts employ the federal 'discovery rule' to determine when the federal claim accrues for limitations purposes."  *Romero v. Allstate Corp.,* 404 F.3d 212, 222 (3d Cir. 2005) (citations omitted).  Under this rule, a claim will accrue when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim. *Id.; see also Podobnik v.*

plaintiff requested a salary increase she would effectively toll the statute of limitations anew.

Such a result would run afoul of the United State Supreme Court's decision in *Ledbetter* because

it would frustrate the purpose of protecting employers from defending claims from employment

decisions that are long past and it would thwart "Congress' strong preference for the prompt

resolution of employment allegations through voluntary conciliation and cooperation." *Id*. at

2170-71.   Accordingly, the Court finds that plaintiff's disparate pay claim is untimely.[3]

**(2) Plaintiff's EPA claim was timely filed**

Claims arising under the EPA must be filed within two (2) years of accrual of the cause of

action, except for willful violations where the limitations period is three (3) years.  29 U.S.C. §

255(a).  Defendant argues that because plaintiff knew of the pay disparity between her and

Przybyla no later than September 10, 2004, and she filed her complaint on December 6, 2006,

that her claim is untimely.

In *Miller v. Beneficial Management Corp*., 977 F.2d 834, 943-844 (3d Cir. 1992), the

United States Court of Appeals for the Third Circuit specifically found that EPA claims are

continuing in nature and each paycheck issued constitutes a new violation of the EPA.  Because

---

*U.S. Postal Service,* 409 F.3d 584, 590 (3d Cir. 2005) (the discovery rule delays the initial running of the statute of limitations, but only until the plaintiff has discovered: (1) that he or she has been injured, and (2) that this injury has been caused by another party's conduct) (citations omitted).  The discovery rule, though often applies to situations involving bodily injury, may also apply in cases involving alleged employment discrimination.  *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 n.5 (3d Cir. 1994), *citing Delaware State College v. Ricks,* 449 U.S. 250, 258 (1980).

[3]Plaintiff's Title VII claim also fails because plaintiff has not met her burden, under *McDonnell Douglas v. Green,* 411 U.S. 792 (1973), to show that another similarly situated employee was treated more favorably than she.

plaintiff is still employed by defendant and continues to receive allegedly disparate pay checks to this day, the Court finds that her EPA claim was timely filed.

### (3)   Defendant is entitled to judgment as a matter of law on the EPA claim

The EPA prohibits wage differentials based upon gender.  29 U.S.C. § 206(d)(1).  Unlike plaintiff's Title VII claim, Equal Pay Act claims do not follow the familiar three-step burden shifting framework of *McDonnell Douglas*; rather, they follow a two-step burden shifting analysis.  *Stanziale v. Jargowsky*, 200 F.3d 101, 107 (3d Cir. 2000).  Plaintiffs must first establish a *prima facie* case by demonstrating that employees of the opposite sex were paid differently for performing substantially "equal work" on jobs that required equal skill, effort and responsibility.  *Stanziale*, 200 F.3d at 107, *citing E.E.O.C. v. Delaware Dept. of Health and Soc. Servs.*, 865 F.2d 1408, 1413-14 (3d Cir. 1989).  The jobs must be equal, not merely comparable. *Fuggitt v. Certainteed Corp.*, 1993 WL 147281, *3 (E.D. Pa. May 6, 1993)(citing *Pajic v. Cigna Corp.*, 1990 WL 127797, *2 (E.D. Pa. August 31, 1990)).   The crucial finding is "whether the jobs to be compared have a 'common core' of tasks, i.e. whether a significant portion of the two jobs is identical."  *Brynes v. Herion, Inc.,* 764 F.Supp. 1026, 1030 (W.D. Pa. 1991).  If plaintiff establishes a common core, "the inquiry then turns to whether the differing or additional tasks make the work substantially different."  *Brobst v. Columbus Serv. Int'l*, 761 F.2d 148, 158 (3d Cir. 1985).

Once plaintiff has established a prima facie case under the EPA, the burden of persuasion then shifts to defendant to prove by a preponderance of the evidence the applicability of one of the following four affirmative defenses specified in the Act: (1) a bona fide seniority system, (2) a merit system, (3) a system which measures earnings by quantity or quality of production, or (4)

a differential based on any factor other than sex.  *Stanziale*, 200 F.3d at 107 n. 6.

**(a) No reasonable juror could find that plaintiff and her comparator performed substantially equal work.**

Defendant argues, and this Court agrees, that when viewing the facts in the light most favorable to plaintiff, she has not met her burden to demonstrate that she and her comparator, Przybyla performed "substantially equal" work.

In her brief in opposition to defendant's motion for summary judgment, plaintiff lists the numerous job duties which plaintiff and Przybyla share.  These common core job duties most notably include managing budgets, reporting to the same Superintendent of the Police, preparing and submitting purchase orders to buy goods, preparing financial reports, maintaining financial records on accounts they maintain, meeting with auditors who reconcile accounts they manage, using County visa cards for making County purchases, reconciling purchases, and operating the County's computerized accounting system.

While defendant does not expressly concede that plaintiff and her comparator share these common core duties, defendant does not actually dispute any particular listed common duty as being inaccurate, and this Court will accept plaintiff's recitation of common core duties as correct.  However, as defendant emphasizes, and this Court finds noteworthy, in her response, plaintiff lists numerous duties which are unlike her comparator.  For example, plaintiff notes that she has "responsibility for the complete financial management of grant funds, as well as grant compliance, project oversight, grant closeout, and grant audits."  (Doc. No. 41 at 4).  Plaintiff further details that she engages in "strategic planning with police personnel to determine their needs and assess potential funding sources; researching the fiscal guidelines of potential grantors;

writing a project budget; finding a funding source; writing a successful financial proposal; and obtaining the funding."  (Doc. No. 41 at 4).  Przyvyla, as the Fiscal Manager, shares none of these responsibilities with plaintiff, and it is also interesting that plaintiff, in her deposition stated that "there does not appear to be a single person in Allegheny County with a job comparable to mine."  (Doc. No. 29 at 11)(citing Appendix at Doc. No. 30 at 115).

In support of her EPA claim, plaintiff, in essence, argues that she has greater responsibilities than Przybyla.  However, in *Pajic*, 1990 WL 127797, (E.D. Pa. 1990)[4], the United States District Court for the Eastern District of Pennsylvania relied on admissions by plaintiffs to find that they failed to establish a prima facie case under the EPA.  The Court stated, "[B]y their own admissions, plaintiffs have shown that their jobs were not substantially similar. Ms. Pajic stated that the plaintiffs 'did much more than' the male comparators.  Although this statement would seem to boost their claim for equal pay, it actually precludes recovery under the Equal Pay Act because the statute only covers pay differential between the jobs."  *Id.* at *4.[5]  In the instant case, regardless of whether plaintiff's duties were greater or less than Przybyla's, the fact remains that "the differing or additional tasks make the work substantially different." *Brobst*, 761 F.2d at 158.

Because plaintiff has failed to demonstrate that her job was substantially similar to

---

[4]In her sur-reply, plaintiff argues that this case was possibly vacated and remanded by the United States Court of Appeals for the Third Circuit.  However, this Court's research reveals that this case was actually affirmed.  *See Pajic v. Cigna Corp.*, 937 F.2d 598 (3d Cir. 1991).

[5]The Court need not resolve whether plaintiff actually has greater responsibilities than Przybyla.  Instead, the Court finds only that the jobs encompass substantially different tasks. Accordingly, the Court need not reach plaintiff's argument in her sur-reply that additional duties performed by lower paid employees does not preclude recovery under the EPA.

Przybyla, this Court find that plaintiff has failed to meet her burden of proving her prima facie case under the EPA.

> **(b) Defendant has established an affirmative defense that the pay differential was based upon a factor other than sex.**

Additionally, defendant, through the testimony of Superintendent Moffatt (doc. no. 30-2, 107), has demonstrated the affirmative defense of, "a differential based on any factor other than sex" under the Act, namely that the budget for the Police Department (which is Przybyla's responsibility) is much greater (approximately $21,020,565 higher) than the grants budget (which is plaintiff's responsibility), and Moffatt has emphasized that Przybyla's length of service for the County is greater than plaintiff's length of service. *Stanziale*, 200 F.3d at 107 n. 6. Although plaintiff disputes the characterization that Przybyla has greater responsibility, plaintiff does not dispute the basic facts that the budget over which Przybyla oversees is approximately $21,020,565 higher and that Przybyla has been an employee of Allegheny County for several years more than plaintiff.

For all these reasons, defendant's motion for summary judgment (doc. no 28) will be GRANTED.  An appropriate order follows.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All counsel of record